ALVAREZ, PETICIONARIA, v. HON. JESÚS MA. ROSSY, JUEZ DE LA CORTE DE DISTRITO DE SAN JUAN, SECCIÓN SEGUNDA, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* contra el Juez de la Corte de Distrito de San Juan, Sección Segunda, en un caso sobre administración judicial de bienes de un finado.

No. 270.—Resuelto en abril 15, 1920.

HERENCIA — ADMINISTRACIÓN JUDICIAL DE BIENES HEREDITARIOS. — El sobrino de una persona que falleció mientras vivían su padre e hijos naturales, no tiene

derecho a pedir la administración de los bienes de su tío fallecido abintestato pues en este caso los parientes colaterales del difunto no son sus herederos.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. Luis Méndez Vaz.*

Abogados del interventor: *Sres. C. Coll y Cuchí y G. Cruzado Silva.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Paz Alvarez Suárez es la peticionaria y presentó una petición interesando la administración judicial de los bienes de su tío Cándido Suárez que falleció intestado. La corte dispuso que se convocara a los herederos e interesados nombrando al efecto dicha corte a Marcial Suárez como administrador. El era el hermano mayor de Cándido Suárez y a la fecha de la radicación de la petición en este caso, o sea, en julio de 1919, no existía ningún pariente legítimo más cercano. Sin embargo, a la muerte del referido Cándido Suárez en agosto 10, 1901, quedaron su padre Juan Suárez y Rodríguez y algunos hijos naturales. Estas personas obtuvieron una declaratoria de herederos a su favor en la cual el mencionado padre fué declarado heredero en las tres cuartas partes de los bienes relictos, y los hijos naturales en una cuarta parte. La declaratoria de herederos se hizo en 1914 a solicitud de la madre de los hijos naturales y fué debidamente inscrita en el correspondiente registro de la propiedad. Paz Alvarez Suárez es hija de un hermano difunto de Cándido Suárez. El referido padre Juan Suárez y Rodríguez falleció bajo testamento en junio 2, 1902, en cuyo testamento instituía por sus herederos a todos sus hijos y a dos de sus nietos. La peticionaria es uno de los nietos. El testamento prohibía la intervención judicial en sus bienes.

Según hemos dicho, a solicitud de Paz Alvarez Suárez en la corte inferior su tío Marcial Suárez fué nombrado administrador pero no llegó a ejercer su cargo o a adoptar

medida alguna en la administración de los bienes de Cándido Suárez. Entonces dicha Paz Alvarez Suárez hizo otra solicitud a la .corte y en los procedimientos correspondientes la corte declaró vacante el cargo de administrador, y nombró en marzo 8, 1919, a Evaristo Cámara como administrador, quien habiendo prestado fianza se le dió posesión de la. propiedad el día 13 de mayo de 1919. Al día siguiente y según dice la peticionaria fué lanzado violentamente de dicha propiedad. Esta alegada expulsión violenta se puso en conocimiento de la corte en junio de 1919. El día 16 de mayo, 1919, Marcial Suárez, o sea el referido hermano mayor de Cándido, que había sido notificado debidamente de los anteriores procedimientos y tenido oportunidad para oponerse a la segunda convocatoria pero que no había consentido al nombramiento del administrador Evaristo Cámara, presentó una moción a la corte alegando que en cuanto a las fincas en cuestión dicha declaratoria de herederos había quedado inscrita y hecha la partición de bienes de Cándido Suárez. La corte, entonces, procedió a anular todas las actuaciones anteriores y declaró que Paz Alvarez Suárez no tenía derecho a pedir la administración judicial de su tío. Ella presentó una solicitud de *certiorari* a este tribunal.

La peticionaria está claramente en un error si quiere darnos a entender que los hermanos de Cándido Suárez debieron ser incluídos entre sus herederos. Habiéndole sobrevivido su padre y algunos hijos naturales los hermanos son parientes colaterales sin derecho a ser considerados como herederos. El hecho positivo es que estos hermanos, que son algunos en número, son todos herederos de su padre que a su vez era heredero de su hijo Cándido Suárez.

Alegaba la peticionaria que dos de los hermanos de Cándido Suárez se habían incautado de los bienes sin rendir cuenta alguna de los mismos. Ahora bien, esta propiedad fué una vez de Cándido Suárez pero pasó a poder del padre e hijos naturales de Cándido Suárez. Si estos dos hermanos están en posesión, tal vez ilegalmente, de los bienes de

su padre, y la peticionaria se cree agraviada, remedios tiene para obtener reparación del agravio, pero no es el remedio adecuado la administración judicial de los bienes de Cándido Suárez, del cual no es heredera.

No puede existir impedimento alguno (*estoppel*) contra Marcial Suárez, para instar la nulidad de los procedimientos de administración, pues el interés de la peticionaria en el caso, si alguno tuviera, es con relación a los bienes de su abuelo y no respecto de los de su tío.

El auto de *certiorari* debe ser anulado.

*Anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.